The STATE of Oklahoma ex rel. Curtis P. HARRIS, District Attorney, Oklahoma County, Petitioner,

v.

The Honorable Homer SMITH, District Judge for the Seventh Judicial District of the State of Oklahoma, Respondent.

No. P–75–788.

Court of Criminal Appeals of Oklahoma.

Jan. 22, 1976.

As Corrected Jan. 27, 1976.

## ORDER GRANTING WRIT OF PROHIBITION AND DIRECTING RESPONDENT TO DISMISS PROCEEDINGS IN OKLAHOMA COUNTY DISTRICT COURT CASE NO. CRF–71–3006

On the 18th day of December, 1975, the above styled and numbered cause was filed in this Court seeking an order of this Court prohibiting The Honorable Homer Smith from further proceedings in Oklahoma County District Court, Case No. CRF–71–3006, and directing the dismissal of the proceedings there under consideration. This cause was set for oral argument on the 22nd day of January, 1976, and Petitioner appeared by Assistant District Attorney James R. McKinney, and the Respondent appeared by attorney Don Grace. By stipulation, both parties agreed that one Richard Earl Peters, hereinafter referred to as defendant, was charged, tried and convicted in the Oklahoma County District Court, Case No. CRF–71–3006 for the crime of Unlawful Distribution of a Controlled Dangerous Substance. From said conviction he perfected an appeal to this Court and the judgment and sentence imposed in the trial court assessing his punishment at five (5) years' imprisonment, was affirmed in *Peters v. State*, Okl.Cr., 506 P.2d 621 (1973). By further stipulation of the parties it was agreed that the judgment and sentence imposed against

the defendant has been fully satisfied, and was satisfied prior to the filing of an Application to Vacate Judgment and Sentence in the Oklahoma County District Court by the defendant on the 22nd day of October, 1975. Hearing was set by the Respondent for December 19, 1975. Prior thereto and on December 18, 1975, this Petition was filed and on that date this Court entered an Order Declining to Issue Writ of Prohibition, Directing Response, Staying all Proceedings in the District Court, Oklahoma County, Case No. CRF–71–3006 in Relation to Petitioner [defendant]. In his Order setting hearing on defendant's application to vacate judgment and sentence, the Respondent stated:

"On December 19, 1975, it is the intention of this Court, if this Court determines it has jurisdiction to do so, to vacate the judgment and sentence of April 21, 1972, and set this matter for re-sentencing on February 26, 1976 at 1:30 p. m.

"If the judgment and sentence is vacated on December 19, 1975, and on re-sentencing on February 26, 1976, this Court intends to study the pre-sentence report that has been ordered by this Court and re-impose sentencing by either:

"(1) Re-imposing the same sentence imposed by this Court on April 21, 1972;

(2) Suspending the sentence imposed by the Jury in whole or in part;

(3) Deferring the sentence imposed by the Jury for a period of 2 years, retroactive to April 21, 1972, and then order the Jury Verdict be expunged from the record based on the expiration of 2 years from date of deferrment;

(4) Whatever else the Court would deem just and proper in this cause."

Respondent contends that although the defendant had completed serving his sentence, and had not been eligible for a suspended sentence, the provisions of 63 O.S. Supp.1975, § 2–401, which became effective

September 4, 1975, vested Respondent with jurisdiction to entertain such application and grant the relief by doing any of the acts enumerated in his Order. In support of this contention, Respondent relies on the language of the statute which states:

". . . Such sentence shall not be subject to statutory provisions for suspended sentences, deferred sentences or probation except where the conviction is for a first offense. The provisions of this paragraph shall be applicable to all cases under this paragraph whether or not judgment and sentence on the effective date of this act have become final."

Respondent urges that this Court recognized such authority in *Lampe v. State*, Okl.Cr., 540 P.2d 590 (1975). In this assumption Respondent is clearly in error. The situation in *Lampe* was clearly distinguishable. While the judgment and sentence became final when this Court issued the Mandate, the defendant in *Lampe* had not satisfied or served the judgment and sentence rendered against him.

The members of this Court consulted with the authors of this amendment on numerous occasions and are familiar with the legislative debate on the floor of the House and the Senate of the Oklahoma Legislature. From these conferences and from the discussions on the floor of the Legislature, it is clear that the Legislature never intended that the act vest in the court the right to entertain jurisdiction in a case which had been affirmed on appeal and the judgment and sentence served and satisfied. Had the Legislature so intended, which clearly it did not, the statute would have constituted an unconstitutional infringement upon the powers of the Chief Executive of the State of Oklahoma and the Pardon and Parole Board. Article 6, § 10 of the Oklahoma Constitution provides:

"There is hereby created a Pardon and Parole Board to be composed of five members; three to be appointed by the Governor; one by the Chief Justice of the Supreme Court; one by the Presiding Judge of the Criminal Court of Appeals or its successor. The appointed members shall hold their office co-terminous with that of the Governor and shall be removable for cause only in the manner provided by law for elective officers not liable to impeachment. It shall be the duty of the Board to make an impartial investigation and study of applicants for commutations, pardons or paroles, and by a majority vote make its recommendations to the Governor of all deemed worthy of clemency.

"The Governor shall have the power to grant, after conviction and after favorable recommendation by a majority vote of the said Board, commutations, pardons and paroles for all offenses, except cases of impeachment, upon such conditions and with such restrictions and limitations as he may deem proper, subject to such regulations as may be prescribed by law. The Governor shall have power to grant after conviction, reprieves, or leaves of absence not to exceed sixty days, without the action of said Board.

"He shall communicate to the Legislature, at each regular session, each case of reprieve, commutation, parole or pardon, granted, stating the name of the convict, the crime of which he was convicted, the date and place of conviction, and the date of commutation, pardon, parole and reprieve . . ."

We are of the opinion, and therefore hold, that Respondent was without authority to entertain the filing of the application or enter the Order setting it for hearing when the judgment and sentence, as in the instant case, had been satisfied. The Writ of Prohibition is, therefore, GRANTED, and the Honorable Homer Smith is directed to dismiss the proceedings in Oklahoma County District Court, Case No. CRF–71–3006, and is hereby prohibited from entertaining any further application on the part of said Richard Earl Peters in connection with his conviction in Oklahoma County District Court, Case No. CRF–71–3006.

If Richard Earl Peters desires a pardon, he must apply under the provisions of Art.

6, § 10 of the Oklahoma Constitution, *supra*.

Writ of Prohibition is GRANTED with directions to dismiss Oklahoma County District Court Case No. CRF–71–3006, insofar as the proceedings attempt to vacate the judgment and sentence entered in the case.

IT IS SO ORDERED.

WITNESS OUR HANDS, and the Seal of this Court, this 22nd day of January, 1976.

TOM BRETT, P. J.,

HEZ J. BUSSEY, J.,

C. F. BLISS, Jr., J.